## Commonwealth v. Zimmerman

*Howard R. Berninger*, District Attorney, for Commonwealth.

*Kimber Zimmerman*, defendant, p. p.

KREISHER, P. J., July 25, 1966.—The above captioned defendant was arrested for the violation of subsection (a) of section 828 of The Vehicle Code of April 29, 1959, P. L. 58, which provides: "No person shall operate a motor vehicle, except fire department and fire

patrol apparatus, on a highway unless such motor vehicle is equipped with a muffler, in good working order and in constant operation, to prevent excessive or unusual noise".

Defendant waived a hearing before the justice of the peace, posted bond for his appearance in court, and the matter was heard in open court, and is now before us for disposition.

From the testimony, it appears that defendant was driving a new factory-equipped 1966 Ford high performance sports model Mustang in the Borough of Berwick when the alleged violation occurred.

The Commonwealth has failed to introduce any testimony that the muffler was not in working order and in constant operation, but rests its case on the theory that the muffler on this model of Mustang makes excessive or unusual noise.

There is nothing in The Vehicle Code which requires that factory installed mufflers be of an approved type except the limitation as to the noise requirement set forth in the section above quoted.

Correspondence from the Chief of the Inspection Division for the Commissioners of Traffic Safety, Department of Revenue, indicates that the commission has endeavored to move the legislature to limit the noise of passenger vehicles. However, the legislature has not seen fit to act. The proposed bill would limit the noise of passenger cars to 70 sones, and this compares with the 125 sone level established and used by the industry since 1954 for trucks.

The Ford Motor Company has replaced the exhaust systems on four of their 1965 models to bring the known noise level to the 125 sone limit established for trucks.

In May 1966, at the A.A.M.V.A. engineering and inspection meeting in Detroit, it was proposed that the industry establish a voluntary maximum noise level for passenger cars and manufacture cars which would

not exceed this limit. However, the industry has failed to cooperate.

In a letter dated June 17, 1966, it is stated:

"With further reference to your letter of May 27, 1966, relative to the noise level of the Ford High Performance Sport Model Mustang, the Ford Motor Company has advised us as follows:

"(1) This 1965 Mustang model was engineered with a so-called "HYBRID" exhaust system consisting of a dual exhaust system utilizing glass pack mufflers.

"(2) The original $1964\frac{1}{2}$ models had a noise level of $89\frac{1}{2}$ db A (decibels, A scale); this model was modified on April 4th and the noise level was reduced to 87 db A; the 1966 versions have been further refined to limit the noise to 83.5 db A. These values compare with a sound level of approximately 95 db A which has been the accepted standard for trucks since 1954.

"It would be our opinion that this level is higher than is desirable but as original equipment is lawful. We would suggest that you have the exhaust noise measured on the A scale and if it is higher by more than a small amount than the design noise level, it is probable that the mufflers are defective. Glass pack mufflers deteriorate with heat and the most likely source of trouble is a defective muffler due to burning of the fiber glass and a valid violation in accordance with Section 828 of the Pennsylvania Vehicle Code".

There is no evidence before the court that the officers made any measure of the exhaust noise of defendant's Mustang; nor did they prove that the mufflers were defective in any way. This being a criminal prosecution, the burden is on the Commonwealth to prove their case beyond a reasonable doubt, and every element of doubt must be resolved in defendant's favor. Therefore, we have no alternative but to conclude that the Commonwealth has failed to meet this burden because the officer merely described the noise from

what he heard, and not by making any tests or showing any defect or alteration in the factory-installed equipment. Therefore, without further comment, we enter the following:

ORDER OF COURT

And now, to wit, July 25, 1966, we adjudge defendant not guilty, and said case is dismissed and the costs are placed upon the County of Columbia.